EXECUTORS AND ADMINISTRATORS—PROBATE PRACTICE—ADVERSE CLAIMS.

M. and C. were maiden sisters, having no near relatives.  M. died, and C. qualified as her administratrix, and took possession of her bank-accounts, regarding them as her own property.  On C.'s death her executor took possession of the accounts, and incurred expense in looking after them.  Subsequently it was discovered that M. had made a will, leaving all her property to a third person.  On petition in surrogate's court by M.'s executor to compel C.'s executor to surrender the bank-books, the latter answered, setting up, in substance, the above facts.  Code Civil Proc. N. Y. § 2710, provides that if the person cited shall by answer duly verified assert that he is the owner or entitled to the possession of the property by virtue of any lien or special property therein, the surrogate shall dismiss the proceedings.  *Held*, that the surrogate could not determine the rights of the parties in this proceeding.

In the matter of the estate of Mary Masterton, deceased.

Robert F. Todd, executor of decedent's will, presented a petition alleging that John A. Todd has in his possession and withholds certain savings bank pass-books belonging to and held by the testatrix at the time of her death; and praying that said Todd might be cited to attend, and be examined on the subject.  The citation issued, and Todd filed an answer, duly verified, as follows: "John A. Todd, for answer to the order of the surrogate of Westchester county,

says: (1) That he has in his possession, upon which there appears the name of Mary A. Masterton, three bank-books, as follows: No. 29,588 and No. 107,437 of the Manhattan Savings Institution of New York city; and No. 152,074 of the Emigrant Industrial Savings Bank of New York city; that beside these bank-books there are a few relics or keepsakes of small value; and that the amount of money that appears to be due upon those books is about $1,000. (2) He further shows to the court that the said Mary A. Masterton was a sister of Caroline Masterton, and that the said Mary died first, leaving, as appears by the decision of this court, a last will, which has been probated; that after Mary's death the said Caroline administered upon Mary's estate, and died in ignorance that Mary had ever made a will. (3) That Caroline left an instrument in writing, purporting to be a will, and which deponent believes was a will, and which is now in the surrogate's court for probate. (4) That for about two years before Caroline's death this deponent acted under a power of attorney for the said Caroline Masterton, and collected her interest and rents, and in that way became possessed of these bank-books. (5) That under the will of Caroline he is a legatee in his own right, and inherits a legacy which was devised by the terms of said will to William Todd, who is a deceased son of your deponent, and that he is the executor named in the said will of Caroline. (6) That since 1885 he has had charge of the joint property of the two estates; that he has collected rents, paid taxes, attended to insurance, made repairs, gone to New York to consult Caroline when she was sick, and has expended money for these joint estates, for no part of which has he ever received so much as one cent for compensation. (7) He further shows to the court that, as he is informed and believes, there are bills more than enough to entirely use the money on those bank-books. (8) That Caroline and himself expended money upon what now proves to be partly Mary's property, but which was not known to either at the time to be such, and which money will—at least half of it—have to be returned to Caroline's estate. (9) The costs of Mary's sickness, doctor's bills, and funeral expenses were paid wholly by Caroline, while unconscious of there being two estates, and should be refunded to Caroline's estate. (10) Mary's will gives Carrie, as I understand it, the use and income of her property, and more than that, it gives her enough to live on, and, if the use and income was not sufficient for her support, that she could use the principal; and under that construction there is a large amount of money which is now due to Caroline's by Mary's estate. (11) That another reason why this court should not make its order directing me turn over these books is that, as I am informed and believe, the executor of Mary Masterton is entirely irresponsible. (12) That the equities in his own favor, and as possible executor of Caroline's estate are, as he believes, so strong that this court will not issue its order against him, and he is advised that the foregoing facts are not those contemplated by section 2706, which is the provision of the Code under which the petitioner is moving. Wherefore he prays that the petition be denied."

*L. T. Yale*, for petitioner.    *J. S. Millard*, for respondent.

COFFIN, S. The answer to the petition is inartificially and discursively drawn, and without any apparent regard to the requirements of section 2710 of the Code, as amended in 1881. It is there provided that, if the person cited shall interpose a written answer, duly verified, that he is the owner of said property, or is entitled to the possession thereof by virtue of any lien thereon, or special property therein, the surrogate shall dismiss the proceeding. I think it may fairly be considered that the person cited in this case states facts sufficient, in his answer, to show that he claims to be entitled to the possession of the property in question by virtue of a lien thereon for his commissions and services as agent for Caroline Masterton, and also by reason of a special property therein as the executor named in her will. As the interest

of an executor in the estate is derived primarily from the will, it vests in him from the moment of the testatrix's death. It so happens, in this instance, that the will of Caroline was admitted to probate pending this proceeding, and before the answer was filed. As the interest of John A. Todd in her estate became vested in him, as her executor, at the time of her death, and as this property, or evidence of property, was in her possession at that time, it would be improper for this court in this proceeding to order it to be delivered to the executor of Mary Masterton's will.

The case is somewhat complicated. Mary and Caroline were maiden sisters, residing together at Tarrytown, having joint interests in some, and several interests in other, property, with no heirs at law or next of kin nearer than cousins. Some years since, while on a visit to some of the relatives in Albany, Mary executed a will, and left it in the hands of said Robert F. Todd, named therein as executor. She then rejoined her sister in Tarrytown, studiously concealing from her the fact of her having made a will, until she died in October, 1883. Caroline, finding no will of Mary, and believing her to have died intestate, took out letters of administration on her estate, and thus came into possession of these pass-books and other property of Mary, and regarded herself as sole owner of the whole, after the payment of debts, etc. As she, personally and through John A. Todd, her agent, drew the interest on the amounts of the deposits in the savings banks, she must have filed with them certificates of the surrogate that she was the duly-appointed administratrix of Mary's estate; and the accounts are still, doubtless, to her credit as such. Caroline then died, in May, 1887, having previously made a will, which was then offered for probate, and about the same time the will of Mary also was presented for a like purpose. Both were contested, but admitted to probate. If the executor of Mary's will were to take pass-books to the banks with the surrogate's certificate of his appointment, the banks would probably refuse to pay him funds which stand to the credit of Caroline as administratrix. However that may be, as Caroline's estate vested in interest in the executor of her will, and as she claimed to be the owner of the deposits of which these pass-books are the evidence, and to the possession of which her executor claims the right by reason of a special property therein, the present application must be dismissed, without prejudice to the petitioner's pursuing any other remedy open to him. As Caroline dealt with the property left by Mary as her own, and as she may have made deposits in those banks which are credited on these same pass-books, and as she may have withdrawn and used some of the funds for the benefit of the estate of Mary, it is obvious that whatever equities may exist as between the two estates cannot be adjusted in this proceeding. Perhaps a proceeding under section 2606 may furnish a solution of the difficulty. Proceeding dismissed.